FILED ON DEMAND

Joshua Koltun (Bar No. 173040)
Attorney
101 California Street
Suite 2450, No. 500
San Francisco, California 94111
Telephone: 415.680.3410
Facsimile: 866.462.5959
joshua@koltunattorney.com

Attorney for ~~Defendants~~ Plaintiffs Does 1-4

FILED
2012 JAN 19 PM 3:44
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

DOES 1-4,

Plaintiff,

v.

WILLIAM GROVER ARNETT, and WILLIAM GROVER ARNETT, P.S.C., a Kentucky Corporation,

Defendants.

Case No.: SACV 12-0096 JST (ANx)

**COMPLAINT**

Joshua Koltun ATTORNEY

N/S
PAID

Joshua Koltun ATTORNEY

Plaintiffs Does 1-4 ("Plaintiffs") allege as follows:

***Parties***

1. Plaintiffs are persons associated with the creation of the website "citizens4justice.com" ("Website") who reasonably apprehend that Defendants will seek to enjoin or otherwise hold Plaintiffs liable for material posted on that site under the United States copyright laws and under state defamation law, as further set forth below. Plaintiffs also have standing to assert the rights of any other persons associated with the postings at issue herein.

2. Defendant William Grover Arnett ("Arnett") is an individual and a resident of Kentucky.

3. Defendant William Grover Arnett, Professional Services Corporation ("WGAPSC"), is a Kentucky Professional Services Corporation, as to which Arnett is the sole officer and shareholder.

***Summary***

4. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. There is between the parties an actual justiciable controversy, as to which Plaintiffs are entitled to have a declaration of their rights and further relief, including an injunction, because of the facts and circumstances set forth more fully in this Complaint. Arnett has obtained from the Clerk of this Court an administrative subpoena under the Digital Millennium Copyright Act (DMCA) to the company that hosts the Website, seeking the identities of Plaintiffs. Arnett also served a DMCA "takedown notice," asserting that the Website infringed his copyrights and defamed him, causing him irreparable harm. The hosting company removed the allegedly infringing photograph, but the allegedly defamatory material remains on the Website.

5. Plaintiffs seek an adjudication that the Website did not and does not infringe any copyrights Defendants may own, and that the allegedly defamatory content on the website is not actionable and indeed is protected by the First Amendment. Plaintiffs seek by this action to enjoin Defendants from using a DCMA subpoena for a forbidden purpose, namely to identify a person so that Defendants may pursue causes of action ***other than*** Copyright. 17 U.S.C. § 512(h)(2)(C ). Plaintiffs contend that their right to preserve their anonymity is protected by the First Amendment, as well as by the statuory protections of the DMCA. Plaintiffs seek to speedily resolve in a single action

before this Court the actual controversy between the parties concerning their respective rights, obligations and liabilities, and to definitively remove the chilling effect of Defendants' purported legal claims and threatened litigation.

***Jurisdiction and Venue***

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (as to the controversy under the Copyright Act) and § 1367 (as to the controversy over the defamation claim and any related state law claim concerning the Website).

7. This Court has venue under 28 U.S.C. § 1391 because the Website is hosted on servers in this District and New Dream Network LLC ("NDN"), the company that hosts the Website, which was subject to the DMCA subpoena and takedown notice at issue herein, and which removed the photograph at issue, is located within this District. This Court also has venue under 17 U.S.C. § 512(f) and (g) and because Defendants have consented to and subjected themselves to venue and jurisdiction in this District by pursuing claims under the DMCA in this District and by asking this Court to issue DMCA subpoenas relating to this matter.

***Facts***

8. On December 13, 2011, a comment was published on the Website, entitled: "The Missing Link: How One Attorney's Bribery and Corruption Slipped Through the Cracks," (hereinafter, "Post").

9. The Post began by referring to a preexisting public controversy:

> The Huntington, WV Office of Disability Adjudication and Review (ODAR) has been the subject of recent controversy as Administrative Law Judge David B. Daugherty stepped down earlier this year. Daugherty presided over the largest case grant rate (over 98%) in the nation. Daugherty's departure has spawned a host of investigations, from the administrative to the congressional levels. Additionally, The Wall Street Journal has run multiple pieces chronicling the troubled hearing office.

10. The Post noted that there was an aspect of the matter that had escaped notice: that Amy Daugherty, Judge Daugherty's daughter, had "mounted an unsuccessful bid for Cabell County (WV) magistrate in 2008." The Post commented that

> A public records inquiry has revealed that a number of attorneys, many

Joshua Koltun ATTORNEY

of whom regularly practiced before Judge Daugherty, made substantial contributions to his daughter's coffer.

11. The Post specifically focused on Defendant Arnett, commenting that:

> Normally, such coincidences could be explained away as geographic inevitability, the simple result of a small-town pool of professionals who regularly practiced together and maintain mutual professional contacts. However, a close look at the contribution list reveals a disturbing trend – donations from attorneys in eastern Kentucky, who had absolutely no connection to Ms. Daugherty. Rather, these attorneys regularly presented cases to her father, who presided over a geographic area that includes not only Huntington, but also a large portion of the eastern Kentucky.
>
> Although the list of Kentucky donors is relatively small compared to that of West Virginia, one figure of interest is Attorney Grover Arnett, who maintains a law practice in Salyersville, KY (more than 75 miles away from Huntington). Perhaps the only things more eyebrow-raising than his $2000 in contributions are those matched by his wife, Sabrina, who is reportedly listed on his payroll. Mr. Arnett does not have an office in West Virginia. Nonetheless, his name, title, and donation amount are conspicuously listed among the contributors to Ms. Daugherty's ill-fated run.

12. A copy of the Post is attached hereto as ***Exhibit A***. The text of Exhibit A is identical to the Post originally made on December 13, 2011. However in the original version of the Post, where there is now a stock photograph of a hand passing a roll of bills to another hand, the post originally contained a photograph of Arnett ("Photograph"). The Post in the form attached as Exhibit A continues to be published on the Website. (A copy of the Photograph was attached as Exhibit 2 to the Subpoena and related papers attached hereto as ***Exhibit B***.)

13. The Post contained images of the public records concerning the campaign contribution records of Arnett and his wife referred to therein, true and correct copies of which are attached hereto as ***Exhibit C***.

14. Plaintiffs obtained the Photograph by cropping a version of the photograph that appears on the WGAPSC website. The complete version of the photograph as it appears on the WGAPSC website is a picture of Arnett posing with former Congressman J.C. Watts, which Plaintiffs are informed and believe is itself a cropped version of a larger original photograph of Arnett with Congressman Watts and with Jerry Davis and the Honorable Don Smith. A true and correct copy of the photograph of Arnett with Congressman Watts, as it appears on the WGAPSC website, is attached

hereto as ***Exhibit D.***

15. The WGAPSC website states, and stated at the time the Post was first made: "You may reproduce materials available at this site for your own personal use and for noncommercial distribution." A true and correct copy of the home page of the WGAPSC website, containing such statement, is attached hereto as ***Exhibit E.***

16. On December 21, 2011, Defendant Arnett sent NDN a DMCA takedown notice ("Takedown Notice"). Defendant Arnett asserted that he owns the copyright to the Photograph. He also asserted that the Website had "published false, defamatory and injurious statements regarding [Defendant Arnett], which have caused and will continue to cause him substantial personal and occupational harm." Pursuant to the take-down procedures in the DMCA statute, NDN removed the Photograph from the Website, and it has not been subsequently reposted. The allegedly defamatory material was not removed and remains on the Website.

17. On December 22, 2011, Arnett filed an administrative request for a subpoena under the DMCA, and the Clerk of this Court issued a subpoena ("Subpoena"), which shortly thereafter was served on NDN, together with the related papers filed therewith. A true and correct copy of the Subpoena and related papers (including the foregoing takedown notice) are attached hereto as Exhibit B.[1]

18. In the Subpoena, Arnett asserts that "the action is pending in ... [the] Eastern District of Kentucky." Plaintiffs are informed and believe that this is false; Arnett has not filed an action in the Eastern District of Kentucky nor in any other federal or state court, relating to the Website. Plaintiffs are informed and believe that Arnett's counsel confirmed to NDN's counsel that there is no pending action in the Eastern District of Kentucky but that Arnett's counsel intends to file such an action. A true and correct copy of correspondence confirming this exchange is attached hereto as Exhibit F.

---

[1] There is some mystery surrounding the Clerk's docketing of the subpoena in this matter. The case number referenced in the subpoena, SAMC11-24, apparently corresponds to a DMCA subpoena to the Exa Bytes Network requested by Arnett. Some of the materials served on NDN appear to reflect that, at a minimum the take down notice in this case was filed in this Court and date-stamped by the Clerk. These discrepancies were noted by NDN counsel in correspondence with Arnett's counsel, who confirmed but could not explain the discrepancies and indicated that they would confer with the Clerk and clear up the matter. *See* Exh. G at 1, 3; Exh. H; at 2.

19. In the related papers served with the subpoena (as Exhibit 1 thereto) is an Affidavit in support of DMCA Take-Down Notice in which Arnett states, under penalty of perjury, that he has a "good faith belief that use of the [Photograph] is not authorized by the copyright owner, its agent, or the law." In that affidavit, Arnett did not purport to be the copyright owner in the Photograph. Following correspondence with NDN's counsel on the subject, Arnett provided a supplemental declaration dated January 3, 2012, in which he declared, under penalty of perjury, that he "own[s] the copyright to the [Photograph] recently removed from [the Website], and that the Photograph was taken by an "employee of mine, for business purposes, and it constitutes a work made for hire." A copy of the January 3, 2012 declaration is attached hereto as Exhibit G. In subsequent communications, attached hereto as ***Exhibit H***, Arnett's counsel refused to identify the employee in question.

20. Plaintiffs are informed and believe that Arnett is not the owner of the copyright in the Photograph. Plaintiffs are informed and believe that neither Arnett nor his counsel have a good faith belief that Arnett is the owner of the copyright in the Photograph. Plaintiffs are informed and believe that neither Arnett nor his counsel have a good faith belief that "the use of the [Photograph] is not authorized by the copyright owner, its agent, or the law."

21. In the related papers served with the subpoena was a Declaration Pursuant to 17 U.S.C. § 512(h) by Jeffrey M. Rosenfeld, Arnett's counsel, dated December 22, 2011. In that Declaration Rosenfeld declares under penalty of perjury that he is the "copyright owner or I am authorized to act on behalf of the copyright owner on matters involving the infringement of [the Photograph]," and that the "purpose of the accompanying subpoena is to obtain the identity of the alleged copyright infringer," and that the "information obtained ***will be used only for the purposes of protecting the rights granted to William Grover Arnett under the [Copyright Act]"*** (emphasis added). Significantly, Arnett himself, the allegedly defamed person, has declined to declare that he will only use the information obtained for the purpose of protecting his (purported) rights under the Copyright Act.

22. Plaintiffs, based on the foregoing facts and correspondence between NDN and Arnett's counsel, reasonably apprehend that Arnett intends to use any information he learns pursuant to the

Joshua Koltun ATTORNEY

subpoena issued by this Court to pursue state law defamation claims arising from the Post, or related state law claims, in the Eastern District of Kentucky.

23. Plaintiffs deny that the Post, or any material posted on the Website, is actionable in defamation, copyright or any other cause of action.

24. Plaintiffs deny that Defendants are entitled to any remedy, monetary or injunctive relief against any Plaintiff arising from copyright, defamation or any related claim.

25. Plaintiffs are informed and believe that Defendants and their attorneys knowingly and materially misrepresented under 17 U.S.C. 512 (f) that the Photograph was infringing and that Arnett is the owner of the copyright therein.

26. Plaintiffs moreover contend that the Post constitutes protected speech on a public issue under the First Amendment and that disclosure of Plaintiffs' identities would violate their rights to speak anonymously under the First Amendment.

27. The prospect that Arnett may learn the identity of Does and, now or in the future, choose to litigate his claims to have been defamed and harmed by the Post, has a substantial chilling effect on Plaintiffs' ability and willingness to comment on matters of public interest and will continue to have such an effect until the respective rights of the parties are adjudicated.

28. Plaintiffs seek to prevent multiple and inconsistent claims, contentions, and adjudications. Plaintiffs seek to avoid a situation in which Defendants and their attorneys can obtain information by leveraging the subpoena powers of this Court under the provisions of the DMCA, by asserting that they intend to use the information only for purposes of protecting (purported) rights under the Copyright Act, and then, in another forum, pursue rights arising under state law At a minimum, Plaintiffs seek to make legally binding against Defendants the representation by their attorneys that Defendants will not pursue any claims against Does other than such Copyright claims as may arise from the posting of the Photograph.

THEREFORE, Plaintiffs request that:

1. This Court enter a declaratory judgment in favor of Plaintiffs and against Defendants that:

a. Arnett is not the owner of the copyright in the Photograph;

b. That Defendants and their attorneys falsely, knowingly and without any good faith basis for so believing, testified that Arnett is the owner of the Copyright in the Photograph and that the owner of the copyright had not licensed the use of the Photograph;

c. That Plaintiffs' posting of the Photograph on the Website was not infringing, was fair use, and was specifically licensed by Defendants;

d. That Plaintiffs are not liable for copyright infringement;

e. That Plaintiffs are not liable in defamation or any related cause of action arising from the publication of the Post on the Website;

f. That the Post is protected speech on a public issue under the First Amendment;

g. That Defendants are not entitled to an injunction barring the publication of the Photograph;

h. That Defendants are not entitled to an injunction barring publication of the Post;

i. That Plaintiffs' identities are protected by the First Amendment right to speak anonymously, and that Defendants have not, by virtue of anything published on the Website, shown that such right to anonymity is overcome;

j. That, insofar as the DMCA purports to allow the Clerk of this Court to issue an administrative subpoena for the identity of Plaintiffs without affirmative approval of this Court, the DMCA is contrary to the First Amendment, the Due Process Clause of Fifth Amendment, and the separation of powers doctrine of the Constitution of the United States;

k. That Defendants have suffered no legally cognizable harm nor any recoverable damages from the publication of the Post or the Photograph;

2. That the Court issue an injunction against Defendants and all acting in concert with them, enjoining them from:

a. Filing any action in any Court seeking to hold any person liable under the copyright laws, state defamation laws, or any related federal or state cause of action relating to the publication of the Post or the Photograph;

Joshua Koltun ATTORNEY

b. Seeking via federal or state subpoena or other legal process the identity of Does;

3. That this Court award to Plaintiffs against all Defendants, jointly and severally,

a. Damages, including costs and attorneys' fees, under 17 U.S.C. § 512 (f);

b. Costs and expenses of this proceeding;

c. Attorneys' fees under 17 U.S.C. § 505 and as otherwise permitted by law; and

4. That this Court grant such other and federal relief as may be proper.

January 19, 2012

Respectfully submitted,

/s/
Joshua Koltun
Attorney for Plaintiffs

Joshua Koltun ATTORNEY

Exhibit A

Citizens 4 Justice

News

# The Missing Link: How One Attorney's Bribery and Corruption Slipped Through the Cracks

December 13, 2011 – 7:09 pm

Posted in News

Tagged Arnett, Attorney, Grover, Grover Arnett

HUNTINGTON, WV – Corruption abounds in one Social Security hearing office, and one private attorney has been caught red-handed.

The Huntington, WV Office of Disability Adjudication and Review (ODAR) has been the subject of recent controversy as Administrative Law Judge David B. Daugherty stepped down earlier this year. Daugherty presided over the largest case grant rate (over 98%) in the nation. Daugherty's departure has spawned a host of investigations, from the administrative to the congressional levels. Additionally, *The Wall Street Journal* has run multiple pieces chronicling the troubled hearing office.

However, one these of the puzzle has remained strangely unnoticed.

Enter Amy Daugherty. Ms. Daugherty, the daughter of the aforementioned judge, mounted an unsuccessful bid for Cabell County (WV) magistrate in 2008. Never mind the fact that her campaign was derailed by felony crack cocaine and bribery charges. A public records inquiry has revealed that a number of attorneys, many of whom regularly practiced before Judge Daugherty, made substantial contributions to his daughter's coffer.

Normally, such coincidences could be explained away as geographic inevitability, the simple result of a small-town pool of professionals who regularly practiced together and maintain mutual professional contacts. However, a close look at the contribution list reveals a disturbing trend – donations from attorneys in eastern Kentucky, who had absolutely no connection to Ms. Daugherty. Rather, these attorneys regularly presented cases to her father, who presided over a geographic area that includes not only Huntington, but also a large portion of the eastern Kentucky.

Although the list of Kentucky donors is relatively small compared to that of West Virginia, one figure of interest is Attorney Grover Arnett, who maintains a law practice in Salyersville, KY (more than 75 miles away from Huntington). Perhaps the only things more eyebrow-raising than his $2000 in contributions are those matched by his wife, Sabrina, who is reportedly listed on his payroll. Mr. Arnett does not have an office in West Virginia. Nonetheless, his name, title, and donation amount are conspicuously listed among the contributors to Ms. Daugherty's ill-fated run.

It is also important to mention that Arnett represented many Social Security Disability claimants before Judge Daugherty both before and after the contribution was made. He was also the recipient of thousands of dollars in attorney fees from these claimants.

However, this would not be the last time that Arnett would make an out-of-place appearance. In Summer 2010, he was listed as the sole sponsor of *The Scrog Frogs Story Hour*, part of the Appalachian Literacy Project, in which author E.B. McCoy read her book *The Scrog Frogs* to children. The event took place in seven different locations, all of them the West Virginia. Most shocking, however, is the fact that, at the time of the sponsorship, McCoy was a staff attorney at the Huntington ODAR office where Judge Daugherty worked. Again, Arnett has no professional ties to West Virginia outside of his involvement with Huntington ODAR.

Not a single allegation of impropriety against Arnett has been uttered by any major news outlet, even though the evidence is public record and easily accessible via the internet. Only time will tell whether the appropriate authorities will choose to investigate this alleged connection. Until then, however, one thing appears certain – Grover Arnett has played the system through indirect bribery and dishonesty and has profited – in a big way.

Click image for full screen.

« Top Waterbury Judicial Marshal Suspended

Corrupt Attorney Gets 17 Years in Immigration Scandal, Say Officials »

## One Comment

### Elliptical review

Posted December 19, 2011 at 12:29 pm

Permalink

Reply

Glad to read this blog! Keep it going!

## Leave a Reply

Your email address will not be published. Required fields are marked *

Name *

Email *

Website

Post Comment

### Recent Posts

- A Language of Corruption, Spelled in Sobs and Shame
- Corrupt Attorney Gets 17 Years in Immigration Scandal, Say Officials
- The Missing Link: How One Attorney's Bribery and Corruption Slipped Through the Cracks
- Top Waterbury Judicial Marshal Suspended
- Court Tosses Convictions Of Corrupt Judge

### Archives

- December 2011

### Categories

- News
- Uncategorized

### Blogroll

- Documentation
- Plugins
- Suggest Ideas
- Support Forum
- Themes
- WordPress Blog
- WordPress Planet

### Pages

- News

Proudly powered by WordPress Theme: ChaosTheory by Automattic.

Exhibit B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

William Grover Arnett
*Plaintiff*
v.
John Doe
*Defendant*

Civil Action No. SAMC11-24

(If the action is pending in another district, state where: Eastern District of Kentucky )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: New Dream Network LLC, c/o Michael Rodriguez, Registered Agent
10 Pointe Dr., Suite 235, Brea, CA 92821

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: KRONENBERGER ROSENFELD, LLP<br>150 Post Street, Suite 520<br>San Francisco, CA 94108 | Date and Time:<br>January 6, 2012 at 4:00 p.m. Pacific time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: DEC 22 2011

*CLERK OF COURT* [signature]
DODJIE LAGMAN
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* William Grover Arnett, who issues or requests this subpoena, are:

Karl S. Kronenberger, KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520, San Francisco, CA 94108
karl@KRInternetLaw.com, 415-955-1155

113M465276855.tif - 12/22/2011 5:02:05 PM

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________
______________________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

Domain Name: citizens4justice.com

IP Number: 69.163.192.165

You are hereby authorized and ordered to expeditiously disclose, to the above named party, information sufficient to identify the alleged infringer of the material described in the notification provided to you on December 21, 2011, to include all identifying information, credit card data, email addresses, log in information, including IP addresses, and the DNS history assigned to the account used to register the <citizens4justice.com> domain name and maintain a website at such domain name, to the extent such information is available to New Dream Network LLC.

**DECLARATION PURSUANT TO 17 U.S.C. § 512(h)**

I, Jeffrey M. Rosenfeld, the undersigned, declare that:

1. I am the copyright owner or I am authorized to act on behalf of the copyright owner on matters involving the infringement of certain copyrighted works as detailed herein. This declaration is made in support of the accompanying subpoena, pursuant to 17 U.S.C. §512(h)(2)(C).

2. The purpose of the accompanying subpoena is to obtain the identity of the alleged copyright infringer who registered the domain name listed on Attachment A to the subpoena. The information obtained will be used only for the purpose of protecting the rights granted to William Grover Arnett under Title 17 of the United States Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California, December 22, 2011.

Jeffrey M. Rosenfeld

KRONENBERGER | ROSENFELD

150 Post Street
Suite 520
San Francisco, CA 94108

Phone 415.955.1155
Fax 415.955.1158
www.krinternetlaw.com

December 21, 2011

FILED
2011 DEC 22 PM 4:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

*"Take Down Notice"*
*Under the Digital Millennium Copyright Act*
*17 USC § 512*

Karl Fry
New Dream Network LLC
707 Wilshire Blvd, Ste. 5050
Los Angeles, CA 90017
abuse@dreamhost.com

New Dream Network LLC
c/o Michael Rodriguez, Registered Agent
10 Pointe Dr., Suite 235
Brea, CA 92821

SA MC11-21

**VIA EMAIL, FACSIMILE (213-627-3035) AND FIRST CLASS MAIL**

**Re: Copyright Infringement at http://citizens4justice.com; IP#: 69.163.192.165**

Dear Mr. Fry:

We are intellectual property counsel to Grover Arnett. We write to provide New Dream Network LLC formal notice under the U.S. Digital Millennium Copyright Act (DMCA), 17 USC §512, that your customer, citizens4justice.com, is maintaining materials on your servers at http://citizens4justice.com that infringe the copyrights of our client. Accordingly, we respectfully request that you take down and remove the infringing content residing on your servers. In addition, the creator of citizens4justice.com has published false, defamatory, and injurious statements regarding our client, which have caused and will continue to cause him substantial personal and occupational harm.

What follows is the information that you will need to comply promptly with these requests:

1. **Identity of the Copyrighted Work That Has Been Infringed.**

Our client owns all rights in the copyright to the photograph contained in Exhibit 2 attached hereto.

2. **Identity of the Material that Infringes Our Client's Copyrighted Work.**

Your customer is maintaining materials that infringe on our client's copyrights at http://citizens4justice.com.

//

3. **Contact Information for Our Client.** Please send all correspondence on this matter to:

Karl S. Kronenberger
KRONENBERGER ROSENFELD, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
(415) 955-1155 ext. 114
(415) 955-1158 Fax
karl@KRInternetLaw.com

4. **Contact Information for the Infringer.** No contact information is known for the infringer.

5. **Good Faith Statement & Affidavit.** Please see the attached affidavit.

Please notify me immediately of your receipt of this letter to confirm that you will comply with the above-stated request. If you should have any questions about this notice, please contact me immediately at 415-955-1155, ext. 114, or at karl@KRInternetLaw.com.

Sincerely,

KRONENBERGER ROSENFELD, LLP

Karl S. Kronenberger

*Exhibits (2)*

*1. Affidavit*
*2. Copyrighted Photograph*

**Exhibit 1**
**Affidavit in Support of DMCA Take-Down Notice**

I, Grover Arnett, declare the following:

1. I have a good faith belief that use of the copyrighted material that appears at the allegedly infringing website, as described in the attached letter, is not authorized by the copyright owner, its agent, or the law.

2. I swear, under penalty of perjury, that the information in this notification is accurate and that I am the copyright owner or am authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

I declare under penalty of perjury under the laws of the United States and the Commonwealth of Kentucky that the foregoing is true and correct.

**DATED:** December 21 2011

Grover Arnett

Of x !Esf bn !Of ux psl !MMD!
Ef df n cf s!32-!3122!
Qbhf !5!pg5!

<u>Fyi jcju3</u>
Jbgsjohjoh!Qi puphsbqi !



Exhibit C

Page 3.

**Contributors of More than $250**

☑ *Check if additional pages have been attached.*

| DATE | INDIVIDUAL CONTRIBUTOR OR COMMITTEE'S NAME | AMOUNT |
|---|---|---|
| 7/30/07 | Full Name: William L. Roberts<br>Address: (residential and mailing if they are different) 237 2nd St. Suite 4 Pikeville KY 41502<br>Contributor's job: (individual contributor only) Lawyer<br>Where contributor works: (individual contributor only)<br>Affiliation: (political committee only) | 1,000 |
| 8/4/07 | Full Name: William Arnett<br>Address: (residential and mailing if they are different) P.O. Box 489 Slayersville, KY 41465<br>Contributor's job: (individual contributor only) Lawyer<br>Where contributor works: (individual contributor only)<br>Affiliation: (political committee only) | 1,000 |
| 8/4/07 | Full Name: Sabrina Arnett<br>Address: (residential and mailing if they are different) P.O. Box 489 Slayersville, KY 41465<br>Contributor's job: (individual contributor only) Secretary<br>Where contributor works: (individual contributor only)<br>Affiliation: (political committee only) | 1,000 |
| 10/11/07 | Full Name: Ethel Chafin<br>Address: (residential and mailing if they are different) 110 Camelot Dr. Huntington, WV 25701<br>Contributor's job: (individual contributor only) None<br>Where contributor works: (individual contributor only)<br>Affiliation: (political committee only) | 300.00 |
| 10/11/07 | Full Name: Ken and Tayna Hicks<br>Address: (residential and mailing if they are different) 742 4th Ave. Huntington, WV 25701<br>Contributor's job: (individual contributor only) Lawyer<br>Where contributor works: (individual contributor only)<br>Affiliation: (political committee only) | 1,000. |
| 2/19/07 | Full Name: Edna and J.T. Meisel<br>Address: (residential and mailing if they are different) 646 5th ave. Huntington, WV 25701<br>Contributor's job: (individual contributor only) Lawyer<br>Where contributor works: (individual contributor only)<br>Affiliation: (political committee only) | 500.00 |

MAKE AS MANY COPIES OF THIS PAGE AS YOU NEED

| | |
|---|---|
| Subtotal of all contributors of more than $250: | $ 5,300.00 |
| Subtotal of all contributors of $250 or less (From page 2): | + 2065.00 |
| Total Contributions: | = 7365.00 |

Page 3.

## Contributors of More than $250

☒ *Check if additional pages have been attached.*

| DATE | INDIVIDUAL CONTRIBUTOR OR COMMITTEE'S NAME | AMOUNT |
|---|---|---|
| 6/13/08 | Full Name: Washington Ave Pre Owned<br>Address: (residential and mailing if they are different) 245 Washington AVE.<br>Contributor's job: (individual contributor only) Car Dealership<br>Where contributor works: (individual contributor only) Same<br>Affiliation: (political committee only) | ~~1,000.00~~ $500.00 |
| 6/20/08 | Full Name: William Roberts<br>Address: (residential and mailing if they are different) P.O. Box 241 Pikeville Ky 41502<br>Contributor's job: (individual contributor only)<br>Where contributor works: (individual contributor only) Lawyer<br>Affiliation: (political committee only) | $1,000.00 |
| 7/23/08 | Full Name: William L. Redd<br>Address: (residential and mailing if they are different) 530 5th AVE 25701<br>Contributor's job: (individual contributor only) Lawyer<br>Where contributor works: (individual contributor only)<br>Affiliation: (political committee only) | $1,000.00 |
| 7/23/08 | Full Name: Ken Hicks<br>Address: (residential and mailing if they are different) 742 4th AVE 25701<br>Contributor's job: (individual contributor only)<br>Where contributor works: (individual contributor only) Lawyer<br>Affiliation: (political committee only) | $1,000.00 |
| 7/23/08 | Full Name: Sabrina Arnett<br>Address: (residential and mailing if they are different) P.O. Box 489 Salyersville Ky 41465<br>Contributor's job: (individual contributor only)<br>Where contributor works: (individual contributor only) Lawyer<br>Affiliation: (political committee only) | $1,000.00 |
| 7/23/08 | Full Name: Grover Arnett<br>Address: (residential and mailing if they are different) P.O. Box 489 Salyersville Ky 41465<br>Contributor's job: (individual contributor only)<br>Where contributor works: (individual contributor only) Lawyer<br>Affiliation: (political committee only) | $1,000.00 |

MAKE AS MANY COPIES OF THIS PAGE AS YOU NEED

Subtotal of all contributors of more than $250:

Subtotal of all contributors of $250 or less (From page 2): +

Total Contributions: =

Exhibit D

<< Previous                         Index                              Next >>

    

**Congressman J.C. Watts and Grover**



Photo album created with Web Album Generator

Exhibit E

Welcome to the Web site of Willi Case 8:12-cv-00096-FMO-AN Document 1 Filed 01/19/12 Page 30 of 47 Page ID #:32

Welcome
Firm Overview
Practice Areas
Attorney Profiles
Resource Links
Contact Us
You & the Law I
You & the Law II
Articles
Newsletter
Photo Gallery
Driving Directions

William Grover
Arnett, P.S.C.

THIS IS AN ADVERTISEMENT!

BREAKING NEWS: KY GOVERNOR APPOINTS ARNETT TO NAME S

CLICK HERE - BREAKING NEWS: ARNETT IN THE TOP 20% OF THE

ARNETT ENDOWS COLLEGE SCHOLARSHIP IN MEMORY OF PARE

**WORKING DAYS OVER:**

**MEET GROVER!**

**CALL TOLL FREE:**

**1-888-9-GROVER**

**606-349-2065**

http://www.groverarnett.com/[1/6/2012 3:04:46 PM]

**Grover; his wife, Sabrina; and daughter, Katie**

Welcome to the Web site of William Grover Arnett, P.S.C. A full service law firm located in Salyersville, Kentucky, practicing in Social Security Disability, Supplemental Security Income (SSI), Personal Injury, Car Wrecks, Death Cases, Kentucky Worker's Compensation, and Insurance Claims.

Lexis Nexis Martindale-Hubbell, publishers of a respected law firm directory for the past 140 years, recently recognized Attorney Grover Arnett for the quality of his legal work and high ethical standards. According to Martindale-Hubbell, fellow attorneys rated the quality of Arnett's work in that it "compares favorably with other attorneys in the largest, most heavily marketed law firms."

This site is designed to provide information about our firm and the services that we offer. We are glad you have chosen to visit our Web site. We hope you enjoy your visit and return often as the site is expanded and updated.

**P.O. Box 489**
**South Church St. Cisco-Reed Bldg. Salyersville, KY 41465**
**Phone Toll Free: 1-888-9-GROVER**
**Fax Toll Free: 1 (888) 361-5331 or 606-349-2065**
**Email: groverarnett@groverarnett.com**

***Have you been injured? To file an accident report online, click here*** ***We will contact you***

***immediately concerning your injury claim!***

**Please select an area of interest from the buttons to the left.**

This site best  viewed with

---

Welcome | Firm Overview | Practice Areas | Attorney Profiles
Resource Links | Contact Us | You & the Law I | You & the Law II
Articles | Newsletter | Photo Gallery | Driving Directions

**This site last updated on:**

**Saturday February 05, 2011 11:14:36 PM**

All contents © Copyright 2008 by William Grover Arnett, P.S.C..
All Legal Rights Reserved.

The information you obtain at this site is not, nor is it intended to be, legal advice. You should consult an attorney for individual advice regarding your own situation.

You may reproduce materials available at this site for your own personal use and for non-commercial distribution. All copies must include the above copyright notice.

Exhibit F

INTELLECTUAL PROPERTY LAW OFFICES OF JOEL VOELZKE, APC
24772 W. Saddle Peak Road
Malibu, CA 90265-3042
Tel: (310) 317-4466
Fax: (310) 317-4499
joel@voelzke.com

January 5, 2012

VIA EMAIL jeff@KRInternetLaw.com WITH ORIGINAL BY MAIL

Jeffrey M. Rosenfeld, Esq.
Kronenberg Rosenfeld LLP
150 Post Street, Suite 520
San Francisco, CA 94108

Re:   Subpoena and DMCA Take-Down Notice Served on New Dream Network
      *William Grover Arnett v. John Doe*
      Case No.: SAMC11-24 (C.D. Cal.)
      In support of Litigation Pending in E.D. Kentucky
      Material in Question Posted At: www.citizens4justice.com
      Our Ref.: 109-081

Subject: Confirming Teleconference; Objections to Subpoena

Dear Mr. Rosenfeld:

Thank you for discussing this matter on the telephone with me on January 3. This letter will confirm our discussion, and set forth objections to the subpoena that your office served.

## I.   CONFIRMATION OF TELEPHONE DISCUSSION

As I mentioned, I am intellectual property counsel for New Dream Network, LLC (NDN) which operates the DREAMHOST website hosting service and which received the subpoena that your office served.

**1. The Pending Action in the Eastern District of Kentucky.** I asked what causes of action were asserted in the Eastern District of Kentucky litigation that is stated in the subpoena as being a pending action. You stated that there is no case pending in the Eastern District of Kentucky, and that the "Eastern District of Kentucky" listing on the subpoena refers to a case that your office intends to file but had not yet filed.

**2. The SAMC11-24 (C.D. Cal.) Case.** I asked you what papers had been filed in this case listed on the subpoena. You replied that your office had filed a request that the clerk issue a DMCA §512(h) subpoena seeking to discover the identity of the owner of the www.citizens4justice.com website hosted by NDN.

**3. Basis for Your Claim that Mr. Arnett Owns the Copyright in the Infringing Photograph.** I asked you what was the basis for your claim that Mr. Arnett owns the purportedly infringing photograph listed in your subpoena. You replied that Mr. Arnett advised you that he had "engaged" the photographer who took that photograph. I asked whether that meant that Mr. Arnett had hired the photographer for that job for the day as an independent contractor. You said that that was correct according to your understanding, but that you were not aware of the details of that engagement.

I replied that under the law, merely hiring a photographer as an independent contractor to take photographs does not make the hiring party the copyright owner.

You responded that Mr. Arnett states in his declaration that he is the copyright owner of the photograph and that that statement should be good enough for NDN. I pointed out that Mr. Arnett's declaration does not state that he is the owner of the copyright. You stated that I was quibbling about the ownership issue, and that NDN has no right to contest Mr. Arnett's claim to ownership of the copyright and that NDN must comply with the subpoena expeditiously, and that your office was "aggressive" about pursuing the case. You asked whether NDN was going to comply with the subpoena.

I said that I could not answer that question until after I had conferred with my client, but that it would help to resolve matter if you would send to me a declaration from Mr. Arnett stating under penalty of perjury that he owns the copyright in that photograph and explaining his basis for claiming ownership. You responded that you would send to me such a supplemental declaration via email. I asked if you would also include the identity of the photographer so that we could verify the operative information with the photographer. You stated that you were disinclined to include that information.

**4. Fair Use Analysis.** I asked you whether your office had conducted in a fair use analysis before sending that DMCA take-down notice. You said that your fair use analysis was: Because the text on the website is defamatory and the only purpose of the blog posting was to engage in defamation which constitutes unlawful activity, the use of the photograph in conjunction with that blog posting was therefore not fair use.

**5. Possible Motion to Quash?** You demanded that I give you an answer that day as to whether NDN would produce the information requested. I told him that I would not promise an answer today, and that I needed to confer with my client, but that you sending the supplemental declaration requested including the identify of the photographer could help expedite NDN's review and decision. I advised you that NDN's response might include a motion to quash.

## II. FOLLOW-UP TO CONVERSATION

### A. COPYRIGHT OWNERSHIP

You have now sent to me a supplemental declaration from Grover Arnett stating that the person who took the photograph in question was an employee of his. I note that this represents a change in his story which occurred after I advised you of the controlling copyright law.

Yesterday I asked your associate Leah Vulic via email to identify the person who was supposedly Mr. Arnett's employee and who took that photograph so that I could verify the critical facts with that person. I have not received any response. Until further notice, therefore, I understand that you are refusing to provide that information so that we can verify that critical facts surrounding that photograph, in the absence of which the entire basis for your subpoena falls apart.

### B. FAIR USE

Fair use of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. §107. The website in question, www.citizens4justice.com, was, as far as I can determine, using the photograph in question as part of news reporting, comment, and criticism. The fact that you characterize that criticism as libel does not make the use any less of reporting, comment, and criticism. Your fair use analysis (i.e, because the text of the story is in your legal conclusion defamatory, using the photograph to identify Mr. Arnett as the subject of the story is therefore not fair use) as stated to me is, to say the least, shockingly shallow. I am quite certain that the law of fair use is more nuanced than that.

### C. C.D. CAL. CASE NO. SAMC11-24

I have retrieved from PACER a copy of all documents available in C.D. Cal. Case No. SAMC11-24. None of those documents, including the proposed subpoena that you submitted to the clerk for signature, refer to New Dream Network, DREAMHOST, or www.citizens4justice.com. Rather, the proposed subpoena was in relation to Exa Bytes Network Sdn Bhd and in connection with http://groverarnettexposed.com.
Accordingly, it appears that the §512(h) subpoena that you served was not signed by the clerk, at least not in any form that was directed to my client, and the subpoena to my client was therefore not authorized under §512(h). Please clarify.

### D. PROTECTIONS FOR ANONYMOUS SPEAKERS

You are attempting to use the DMCA §512(h) subpoena in order to unmask the person(s) responsible for the blog posting at www.citizens4justice.com which is highly critical of your

client, and which you claim to be defamatory. As you may know, the courts have developed procedures for protecting the identities of anonymous speakers on the Internet.

Where a plaintiff is suing for defamation based on an anonymous Internet posting and is seeking to unmask the identity of the poster, the plaintiff must make a *prima facie* showing of actual libel (not merely opinion, invective, etc) in order to defeat a motion to quash the subpoena. Krinsky v. Doe 6, 159 Cal. App. 4th 1154 (2008).

Furthermore, the courts should look to the nature of the speech when deciding what level of protection to give to the speaker's anonymity. Doe v. Reed, 561 U.S. __, 130 S. Ct. 2811 (2010). Accordingly, at least when the nature of the speech is non-commercial, the courts should apply the highest possible standard, which is the *Cahill* standard. In re Anonymous Online Speakers v. U.S. District Court for the District of Nevada, Reno, Respondent, Quixtar, Inc., 611 F.3d 653 (9th Cir. 2010). The *Cahill* standard requires that a plaintiff seeking disclosure of an anonymous speaker's identity be able to survive a hypothetical motion for summary judgment and to give, or attempt to give, notice to the speaker before discovering the anonymous speaker's identity. Id.

Going further, and following what the court noted as a trend in First Amendment/Internet Jurisprudence, in Independent Newspapers, Inc. v. Brodie, 966 A.2d 432, 407 Md. 415 (2009), the Maryland Supreme Court laid down five requirements that must be met before a defamation plaintiff will be allowed to unmask the identity of an anonymous Internet poster:

> [W]hen a trial court is confronted with a defamation action in which anonymous speakers or pseudonyms are involved, it should
>
> (1) require the plaintiff to undertake efforts to notify the anonymous posters that they are the subject of a subpoena or application for an order of disclosure, including posting a message of notification of the identity discovery request on the message board;
>
> (2) withhold action to afford the anonymous posters a reasonable opportunity to file and serve opposition to the application;
>
> (3) require the plaintiff to identify and set forth the exact statements purportedly made by each anonymous poster, alleged to constitute actionable speech;
>
> (4) determine whether the complaint has set forth a prima facie defamation per se or per quod action against the anonymous posters; and
>
> (5) if all else is satisfied, balance the anonymous poster's First Amendment right of free speech against the *strength* of the *prima facie* case of defamation presented by the plaintiff and the necessity for disclosure of the anonymous defendant's identity, prior to ordering disclosure.

966 A.2d at 457. Other cases that are generally in accord with this analysis include Mortgage Specialists, Inc. v. Implode-Explode Heavy Industries, Inc., 160 N.H. 227, 999 A.2d 184, 192

(2010); Solers, Inc. v. Doe, 977 A.2d 941 (D.C. 2009); Mobilisa, Inc. v. Doe, 217 Ariz. 103, 170 P.3d 712, 717 (Az. App. 2007); and Pilchesky v. Gatelli, 12 A. 3d 430 (Pa. Sup. Ct. 2011).

In Art of Living Foundation v. Does 1-10, 100 U.S.P.Q.2d 1604, 1610-11 (N.D. Cal. 2011), which involved both copyright infringement and defamation claims, the court held that criticism of a large religious group as being a "cult and a sham" was speech on a matter of public concern and thus a subpoena seeking to discover the identify of the anonymous Internet poster deserved the highest level of scrutiny, specifically, "(1) The plaintiff must produce competent evidence supporting a finding of each fact that is essential to a given cause of action; and (2) if the plaintiff makes a sufficient evidentiary showing, the court must compare the magnitude of the harms that would be caused to the competing interests by a ruling in favor of the plaintiff and by a ruling in favor of the defendant." Thus, even when the plaintiff has made a prima facie showing of copyright infringement, the court must undertake this balancing test and, if appropriate, protect the anonymous speaker's identity. Id. at 1611. The court thus held in htat case that even though the plaintiff had made a *prima facie* case of copyright infringement, the magistrate had erred by not granting the anonymous poster's motion to quash the subpoena. Id. at 1613. I understand that your firm is very familiar with this case, having been on the losing end of this decision.

Furthermore, because your client has intentionally injected himself into the public arena[1] and is thus a public figure, the "actual malice" standard as set forth in New York Times Co. v Sullivan, 376 U.S. 254 (1964), will apply. That is, Mr. Arnett will ultimately need to prove that the publisher of the statement in question knew that the statement was false or acted in reckless disregard of its truth or falsity and, in order for him to enforce the subpoena, he will need to make a showing sufficient to survive a hypothetical motion for summary judgment by the poster with reference to that standard.

We believe that the reasoning and procedures set forth in these cases apply to your subpoena, including the need to give the anonymous speaker time for him to hire counsel and move to quash the subpoena.

## III. CONCLUSIONS

For reasons sufficiently set forth above, including the apparent irregularities in the subpoena itself, the Mr. Arnett's shifting factual story in support of that subpoena, and the requirement under the law to give advance notice of the subpoena to anonymous Internet speakers in order to allow them to move to quash, NDN objects to the subpoena.

[1] See the large scrolling banner at the top of Mr. Arnett's website which reads: "BREAKING NEWS: KY GOVERNOR APPOINTS ARNETT TO NAME STATE'S WORKER'S COMPENSATION JUDGES!!" and the statement on Mr. Arnett's website that he is the "CHAIRMAN OF THE KENTUCKY WORKER'S COMPENSATION NOMINATING COMMISSION" (exclamation points and all caps in originals).

NDN has attempted to notify the website owner of the subpoena, and will give the owner until January 24 to move to quash, if he/she chooses to do so.

Very truly yours,

Joel Voelzke

JDV:me

cc (via email): Net Dream Network, LLC
citizens4justice.com@proxy.dreamhost.com
qmljcwwwvc@whoisprivacyprotect.com
Joshua Koltun, Esq.
andy@exabytes.com
abuse@exabytes.com

Exhibit G

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com

Attorneys for Plaintiff
William Grover Arnett

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

**WILLIAM GROVER ARNETT**, an individual,

Plaintiff,

vs.

**DOES 1-10**, inclusive,

Defendants.

Case No. 8:11-mc-00024-UA

**DECLARATION OF WILLIAM GROVER ARNETT IN SUPPORT OF PRE-LITIGATION DMCA SUBPOENA TO NEW DREAM NETWORK, LLC**

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

Case No. 8:11-mc-00024-UA

DECL. OF W. ARNETT ISO PRE-LIT. DMCA SUBPOENA TO NEW DREAM NETWORK LLC

I, Grover Arnett, declare the following:

1. I own the copyright to the photograph recently removed from <citizens4justice.com>, a true and accurate copy of which is attached hereto as Exhibit A.

2. The photograph in Exhibit A was taken by an employee of mine, for business purposes, and it constitutes a work made for hire.

3. I swear, under penalty of perjury, that the information in this declaration is accurate.

I declare under penalty of perjury under the laws of the United States and the Commonwealth of Kentucky that the foregoing is true and correct.

**DATED:** January 3, 2012

Grover Arnett

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

Case No. 8:11-mc-00024-UA 1 **DECL. OF W. ARNETT ISO PRE-LIT. DMCA SUBPOENA TO NEW DREAM NETWORK LLC**

**EXHIBIT A**



Exhibit H



150 Post Street
Suite 520
San Francisco, CA 94108

Phone 415.955.1155
Fax 415.955.1158
www.krinternetlaw.com

January 5, 2012

Joel Voelzke
IP Law Office of Joel Voelzke
24772 Saddle Peak Rd
Malibu, CA 90265
joel@voelzke.com

**VIA E-MAIL & FIRST CLASS MAIL**

**Re: DMCA Subpoena to New Dream Network LLC**

Dear Mr. Voelzke:

This letter responds to your letter dated January 5 regarding the subpoena that our office, on behalf of William Grover Arnett, served on New Dream Network LLC ("NDN") pursuant to the Digital Millennium Copyright Act, 17 U.S.C. §512 (the "Subpoena"). I understand from your communications that you are conditioning NDN's response to the Subpoena on your evaluation of the validity of Mr. Arnett's copyright. This is not proper. A service provider does not have standing to assess the validity of a copyright before responding to a DMCA subpoena. Rather, the service provider must disclose the requested information expeditiously, and allow the validity of the copyright to be determined during the subsequent litigation against the service provider's customer.

As you are aware, on December 21, 2011, our office, on behalf of Mr. Arnett, sent NDN a takedown notice pursuant to 17 U.S.C. §512(c). Simultaneously, our office sought to serve NDN with the Subpoena, which included our office asking NDN to accept service of the subpoena by email. NDN ignored our office's requests, and when we incurred the expense of formal service of the subpoena, our office discovered that NDN's supposed registered agent identified by the California Secretary of State did not exist, in violation of California law. In fact, the address identified by the Secretary of State appeared to have been vacant for some time. Thus, on December 28, 2011, after incurring the additional expense of locating an actual business address for NDN, we were able to effect service of the Subpoena.

On January 3, 2012 you communicated with our office regarding the Subpoena. Specifically, you had several questions regarding the ownership of the copyright at issue in the subpoena, who was the author of the copyrighted work, any agreements regarding ownership of the work, and whether the use of the work by NDN's customer was a fair use. Our office explained that such questions were not appropriate for a service provider to ask before

responding to a DMCA subpoena. Specifically we explained that any questions regarding the validity of the copyright could and would be litigated in the subsequent lawsuit initiated by Mr. Arnett against NDN's customer. Thus, we explained that NDN, as a service provider, was required to respond to the Subpoena expeditiously. Nonetheless, my office agreed to provide you with a declaration confirming that Mr. Arnett owned the copyright at issue. Later that day, my office sent you such a declaration, which stated that Mr. Arnett owned the copyright at issue. On January 4, 2012, you sent our office an email, requesting the identity of the employee of Mr. Arnett who "supposedly took that photograph."

In your January 5 letter, you questioned whether the Subpoena had been issued by the clerk of the Court because your PACER search did not show that it had been filed. As the Subpoena itself reveals, the Subpoena was signed by the Clerk of the Court and filed on December 22. The Clerk wrote in the same case number (i.e. 8:11-mc-00024) for both the Subpoena and another DMCA subpoena our office had sought on behalf of Mr. Arnett. We have contacted the Clerk to understand why the Subpoena is not showing up on PACER, and we are waiting to receive a response. However, the Subpoena has been signed by the Clerk and filed with the Court, and is thus valid.

Your remaining inquiries, on behalf of NDN, are inappropriate. The DMCA does not provide a service provider with standing to question the validity of a copyright that serves as the basis of a subpoena. In fact, section 512(h) states:

> Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

As you can see from the language of the statute, the DMCA requires a service provider to "expeditiously disclose" the requested information, "notwithstanding any other provision of law." Our office has found no authority stating that a service provider has standing to challenge the validity of the copyright serving as the basis for the DMCA subpoena, whether the service provider styles such a challenge as a motion to quash or objection. While limited authority exists that a service provider may raise First Amendment challenges, no authority has extended this standing to questions regarding the validity of the copyright. Thus, we find your objections inappropriate.

The validity of a copyright is often a heavily litigated subject. If a service provider were permitted to condition its response to a DMCA subpoena on its unilateral assessment of a copyright, the DMCA subpoena process would be gutted. Thus, we find your inquiries into the validity of the Subpoena inappropriate. If we do not receive a substantive and timely response to the Subpoena from NDN, we will file a motion to compel a response and request an award of our legal fees and costs related to such motion. Moreover, we will seek appropriate remedies for NDN's failure to maintain a registered agent in California.

Joel Voelzke
January 5, 2012
Page 3 of 3

We look forward to your response to the subpoena tomor row.

Sincerely,

KRONENBERGER ROSENFELD, LLP

Karl S. Kronenberger