O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Does 1-4<br><br>    Plaintiffs,<br><br>  vs.<br><br>William Grover Arnett, et al.<br><br>    Defendants. | CASE NO. SACV 12-96-JST (ANx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 7)** |

1  Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint
2  ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) filed by
3  Defendants William Grover Arnett ("Arnett") and William Grover Arnett, P.S.C. (the
4  "Firm") (collectively, "Defendants").  (Mot., Doc. 7.)  Plaintiffs Does 1-4 ("Plaintiffs")
5  opposed the Motion (Opp'n, Doc. 12), and Defendants replied (Reply, Doc. 16).  Having
6  considered the briefs and supporting documents submitted by the parties, and having taken
7  the matter under submission, the Court GRANTS IN PART and DENIES IN PART
8  Defendants' Motion.

## BACKGROUND

This declaratory relief action arises out of a dispute between the parties regarding Plaintiffs' right to use in a web posting a photograph of Arnett copied from the Firm's website.  On December 13, 2011, Plaintiffs posted a comment entitled, "The Missing Link: How One Attorney's Bribery and Corruption Slipped Through the Cracks," on the website citizens4justice.com (the "Post").  (FAC ¶¶ 1, 8, Doc. 6.)  The Post identified Arnett as one of several attorneys who made donations to the political campaign of the daughter of an Administrative Law Judge before whom he regularly appeared.  (*Id*. ¶¶ 9-12.)  The Post was accompanied by a photograph of Arnett, which Plaintiffs obtained by cropping a photograph of Arnett and Congressman J.C. Watts that had appeared on the Firm website (the "Photograph").  (*Id*. ¶¶ 12, 14.)

On December 21, 2011, Arnett sent a takedown notice under the Digital Millennium Copyright Act, 17 U.S.C. § 512 (the "DMCA") to New Dream Network LLC ("NDN"), the company that hosts the citizens4justice website.  (*Id*. ¶¶ 7, 16.)  The takedown notice asserted that Arnett owns the copyright to the Photograph.  (*Id*. ¶ 16.)  It also stated that the website "published false, defamatory and injurious statements regarding [Defendant Arnett], which have caused and will continue to cause him substantial personal and occupational harm."  (*Id*.)  NDN removed the Photograph to obtain immunity under the DMCA, and has not subsequently reposted it.  (*Id*.; Voelzke Decl. ¶ 4, Doc. 13.)  NDN is

1 willing to repost the Photograph if its use on the website is deemed non-infringing by this Court. (Voelzke Decl. ¶ 4.) The Post was not removed, and remains on the citizens4justice website. (FAC ¶ 16.)

On December 22, 2011, Arnett filed an administrative request for a subpoena with this Court pursuant to § 512(h) of the DMCA, which was subsequently served on NDN (the "Subpoena"). (*Id.* ¶ 17, Ex. B.) The Subpoena sought information "sufficient to identify the alleged infringer of the [Photograph] described in the [takedown notice] . . . ." (*Id.*, Ex. B at 19.) It also contained a declaration of Arnett's attorney pursuant to § 512(h), which certified that "I am the copyright owner or I am authorized to act on behalf of the copyright owner on matters involving the infringement of certain copyrighted works as detailed herein," that "[t]he purpose of the accompanying subpoena is to obtain the identity of the alleged copyright infringer," and that "[t]he information obtained will be used only for the purpose of protecting the rights granted to William Grover Arnett under [the DMCA]." (*Id.* at 20.)

Following service of the Subpoena, counsel for Plaintiffs and counsel for Defendants met and conferred regarding Plaintiffs' intent to move to quash the Subpoena. (Koltun Decl. ¶ 3-4, Doc. 14.) During those discussions, Defendants' counsel indicated that Arnett may file a complaint against Plaintiffs in the Eastern District of Kentucky— where he and the Firm reside—that would include state-law defamation claims. (*Id.* ¶ 5; Arnett Decl. ¶¶ 2-3, Doc. 9.) In light of those discussions, and the inability of the parties to reach a settlement of all potential claims, Plaintiffs initiated this declaratory relief action on January 19, 2012. (Compl., Doc. 1.) On January 30, 2012, Defendants' counsel sent a letter to counsel for NDN withdrawing the Subpoena pursuant to § 512(h) of the DMCA. (Kronenberger Decl. ¶ 3, Ex. A, Doc. 8.)

The FAC seeks declaratory relief as to three underlying issues: (1) whether, under the Copyright Act, Arnett is the owner of the copyright in the Photograph and Plaintiffs are liable for copyright infringement for posting the Photograph on the citizens4justice website; (2) whether Defendants are liable for damages under §512(f) of the DMCA

3

because they "knowingly materially misrepresent[ed]" in the takedown notice that the publication of the Photograph was "infringing"; and (3) whether the Post is defamatory. (FAC at 7, ¶¶1(a)-(k).) It also seeks injunctive relief preventing Defendants from filing an action against Plaintiffs related to the Post or Photograph, including an action under the copyright laws or state defamation laws, and damages, including, *inter alia*, attorneys' fees and costs, under § 512(f). (*Id.* at 8, ¶¶ 2-3.) Defendants seek dismissal of the FAC under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Mot. at 2.)

**DISCUSSION**

  **I.    SUBJECT MATTER JURISDICTION**

   **A. Legal Standard**

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide*, *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, the defendant asserts a facial attack (*see* Mot. at 2), "[it] asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 546 F.3d 981, 984-985 (9th Cir. 2008).

   **B. Analysis**

Defendants assert that the Court lacks subject matter jurisdiction over this action for two reasons. First, Defendants argue that Plaintiffs' claim for declaratory relief as to copyright infringement and damages under the DMCA should be dismissed as moot. (Mot. at 2.) Second, Defendants argue that Plaintiffs' claim for declaratory relief as to

1  defamation under state law should be dismissed because the Court lacks supplemental
2  jurisdiction under 28 U.S.C. § 1367.  (Reply at 5.)  The Court considers each in turn.

### i. *Mootness*

"Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987).  "A federal court cannot issue a declaratory judgment if a claim has become moot." *Pub. Utils. Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1459 (9th Cir. 1996).

Defendants assert that Plaintiffs' declaratory relief claim based upon the DMCA takedown notice should be dismissed as moot because the Photograph has been removed from the website and the Subpoena has been withdrawn.  (Mot. at 4.)  They further assert that Plaintiffs' claims seeking a declaration of rights regarding copyright infringement should also be dismissed as moot based upon Defendants' representation that "[they] are willing to agree not to pursue any copyright claims against Plaintiffs in the future."  (Reply at 4.)  The Court disagrees.

The Court need not determine the effect of the Subpoena withdrawal and Defendants' representation regarding future claims for copyright infringement at this stage of the proceedings.  Even if Defendants' withdrawal of the Subpoena and representation were sufficient to moot Plaintiffs' declaratory relief claim as to copyright infringement, the FAC would not be subject to dismissal because a live case or controversy exists between the parties as to whether Defendants "knowingly materially misrepresent[ed]" in the takedown notice that the publication of the Photograph was "infringing."  § 512(f)(1). While the Court may need to pass upon the validity of Arnett's copyright in the Photograph to resolve Plaintiffs' damages request, the § 512(f) claim does not depend upon future claims for copyright infringement; it seeks damages for past misrepresentations in the takedown notice.  Because Plaintiffs have a live claim for damages, the FAC is not subject to dismissal for mootness.  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011) ("[A] 'live claim for

[even] nominal damages will prevent dismissal for mootness.'") (quoting *Jacobs v. Clark Cnty. Sch. Dist.*, 526 F.3d 419, 425 (9th Cir. 2008)).

Defendants' argument that the FAC should be dismissed because the allegations in the FAC demonstrate that Plaintiffs cannot succeed on their DMCA claim does not require a different result. Even if Defendants had brought a motion to dismiss for failure to state a claim under Rule 12(b)(6), which they did not, Plaintiffs have sufficiently alleged a claim for damages under § 512(f). Plaintiffs allege that Arnett is not the owner of the copyright in the Photograph, and that neither Arnett, nor defense counsel had a good faith belief that Arnett owned the copyright at the time they sent the takedown notice and applied for the Subpoena. (FAC ¶¶ 19-20, 25.) Those allegations of bad faith are sufficient at this stage of the proceedings to establish a case or controversy under the DMCA. *See Lenz v. Universal Music Grp.*, 572 F. Supp. 2d 1150, 1154-55 (N.D. Cal. 2008) ("An allegation that a copyright owner acted in bad faith by issuing a takedown notice without proper consideration of the fair use doctrine . . . is sufficient to state a misrepresentation claim pursuant to § 512(f) of the DMCA.")

For the foregoing reasons, the Court concludes that it has subject matter jurisdiction over Plaintiffs' declaratory relief claim insofar as it seeks relief pertaining to Plaintiffs' rights under federal law.

### ii. Supplemental Jurisdiction

Having determined that it has subject matter jurisdiction over Plaintiffs' claims under federal law, the Court considers whether it may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' request for declaratory judgment as to potential state-law defamation claims. *See Countrywide Homes Loans, Inc. v. Mortg. Guarantee Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) ("federal courts have discretion under the DJA only as to whether to award declaratory relief pursuant to the jurisdiction that they must properly derive from the underlying controversy between the litigants"); *Gritchen v. Collier*, 254 F.3d 807, 811 (9th Cir. 2001) ("The Declaratory [Judgment] Act applies only if federal jurisdiction independently exists.").

1    Section 1367 provides that, "in any civil action of which the district courts have
2 original jurisdiction, the district courts shall have supplemental jurisdiction over the other
3 claims that are so related to claims in the action within such original jurisdiction that they
4 form part of the same case or controversy under Article III of the United States
5 Constitution." 28 U.S.C. § 1367(a). "Nonfederal claims are part of the same 'case' as
6 federal claims when they 'derive from a common nucleus of operative fact' and are such
7 that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" *Trs.*
8 *of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape &*
9 *Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (quoting *United Mine Workers of Am. v.*
10 *Gibbs*, 383 U.S. 715, 725 (1966)). That is, "pendent claims remain within the court's
11 jurisdiction if the vital facts that must be proved as predicates of the [federal claim] are the
12 same as those that must be proved to establish [the state claims]." *Republic of the Phil. v.*
13 *Marcos*, 862 F.2d 1355, 1360 (9th Cir. 1988).

14    Plaintiffs' state-law defamation claims are not part of the same constitutional case
15 as Plaintiffs' federal copyright claims because they are not bound by a common nucleus of
16 operative fact. In order to resolve Plaintiffs' declaratory relief claims based upon the
17 DMCA and the Copyright Act, the Court will need to consider whether Arnett owned a
18 valid copyright in the Photograph, whether publishing the Photograph on the website
19 violated the Copyright Act, and whether Defendants knowingly misrepresented in the
20 takedown notice that Plaintiffs' use of the Photograph was infringing. *See* 17 U.S.C. §
21 512(f); 17 U.S.C. § 107 (factors for fair use under the Copyright Act); *L.A. Printex Indus.,*
22 *Inc. v. Aeropostale, Inc*, 676 F.3d 841, 846 (9th Cir. 2012) ("To establish copyright
23 infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and
24 (2) copying of constituent elements of the work that are original."). Plaintiffs' declaratory
25 relief claims based upon California state defamation law would require the Court to
26 resolve whether the Post, "involves the intentional publication of a statement of fact which
27 is false, unprivileged, and has a natural tendency to injure or which causes special
28 damage.'" *Price v. Stossel*, 620 F.3d 992, 998 (9th Cir. 2010) (quoting *Gilbert v. Sykes*,

147 Cal. App. 4th 13, 27 (2007)). The two inquires involve entirely different aspects of Plaintiffs' website content—the Photograph and the Post—and do not involve overlapping questions of law or fact. Accordingly, the Court lacks supplemental jurisdiction over Plaintiffs' declaratory relief claims based upon state law.

## II. PERSONAL JURISDICTION

### A. Legal Standard

Rule 12(b)(2) allows a party to assert lack of personal jurisdiction as a defense by motion. Fed. R. Civ. P. (12)(b)(2). "Although the defendant is the moving party on a motion to dismiss [for lack of personal jurisdiction], the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "[I]n the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). The "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props.*, 284 F.3d at 1019. In other words, "for the purpose of this [prima facie] demonstration, the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach*, 453 F.3d at 1154.

### B. Analysis

Defendants assert that the Court lacks personal jurisdiction over them because they are residents of Kentucky with no connection to California. (Mot. at 7; Reply at 6; Arnett Decl. ¶¶ 2-3.) Plaintiffs contend that Defendants consented to jurisdiction in this Court by availing themselves of the subpoena process under the DMCA. For the following reasons, the Court agrees with Plaintiffs.

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-

1 arm statute. Second, the exercise of jurisdiction must comport with federal due process."
2 *Dow Chem Co. v. Calderon*, 422 F.3d 827, 830 (9th Cir. 2005) (quoting *Chan v. Soc'y*
3 *Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994)). "Because California permits the
4 exercise of personal jurisdiction to the full extent permitted by due process, [courts] need
5 only determine whether jurisdiction over [a defendant] comports with due process."
6 *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011) (internal citation and
7 quotation marks omitted); *see* Cal. Code Civ. P. § 410.10 ("A court of this state may
8 exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of
9 the United States."). "For due process to be satisfied, a defendant, if not present in the
10 forum, must have 'minimum contacts' with the forum state such that the assertion of
11 jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"
12 *Pebble Beach*, 453 F.3d at 1155 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315
13 (1945)).

14 "Because the personal jurisdiction requirement is a waivable right, there are a
15 'variety of legal arrangements' by which a litigant may give 'express or implied consent to
16 the personal jurisdiction of the court.'" *Dow Chem. Co.*, 422 F.3d at 831 (quoting *Burger
17 King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (2005)). "In general, [the Ninth Circuit
18 has] held that a party has consented to personal jurisdiction when the party took some kind
19 of affirmative act—accepting a forum selection clause, submitting a claim, filing an
20 action—that fairly invited the court to resolve the dispute between the parties." *S.E.C. v.
21 Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007). "[A] party cannot simultaneously seek
22 affirmative relief from a court and object to that court's exercise of jurisdiction." *Id*. At
23 1148.

24 Here, because the Court lacks supplemental jurisdiction over Plaintiffs' claims
25 pertaining to state defamation law, it need only determine whether it has personal
26 jurisdiction over Defendants as to Plaintiffs' claims related to Arnett's copyright ownership
27 in the Photograph and damages under § 512(f). *See Action Embroidery Corp. v. Atl.
28 Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) ("Personal jurisdiction must exist

for each claim asserted against a defendant."). As to those claims, Defendants consented to jurisdiction in this Court by availing themselves of the administrative subpoena process under the DMCA to prosecute their potential claims under the Copyright Act. This action pertains to that same dispute, and directly implicates the veracity of documents relied upon to procure relief from this Court. Therefore, at least as to Plaintiffs' DMCA and copyright-based claims, which are the only matters remaining before this Court, Defendants consented to personal jurisdiction. Accordingly, their Motion to Dismiss on the basis of personal jurisdiction is denied as to those claims.

**CONCLUSION**

    For the foregoing reasons, Defendants' Motion to Dismiss is DENIED as to Plaintiffs' declaratory relief claims based upon the DMCA and the Federal Copyright Act, and GRANTED as to Plaintiffs' declaratory relief claims based upon state defamation law.

DATED: <u>August 1, 2012</u>

_____

    JOSEPHINE STATON TUCKER
    UNITED STATES DISTRICT JUDGE